(46 Misc. Rep. 244)

### SIVIN et al. v. MUTUAL MATCH CO.

(Supreme Court, Appellate Term. January 17, 1905.)

1. APPEAL—REVIEW OF FACTS—RECORD—EVIDENCE—STATEMENT.
    The facts cannot be reviewed on appeal, where there was no statement in the case that it contained all the evidence given on the trial.

2. CORPORATIONS—ADVANCEMENTS—RESOLUTIONS—PREMATURE SUIT.
    Where plaintiffs made a loan to a corporation under a resolution providing that the stockholders should advance to the corporation a certain amount proportionate to the amount of their shareholdings in the company as a loan to become due eight years from May 1, 1903, a suit to recover the loan before such date was premature.

Appeal from City Court of New York, Special Term.

Action by Samuel Sivin and another against the Mutual Match Company. From a judgment of the City Court in favor of plaintiffs and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Charles S. Rosenthal, for appellant.
Einstein, Townsend & Guiterman, for respondents.

SCOTT, J. The only serious defense was that the time of credit had not expired. Since the case on appeal contains no statement that it contains all the evidence given upon the trial, we cannot review the facts (Gorham Mfg. Co. v. Seale, 3 App. Div. 515, 38 N. Y. Supp. 307), and must confine ourselves to the exceptions taken by the appellant. Only one of these requires consideration. It was the defendant's contention that the loan now sued for had been made pursuant to a resolution of the directors of the defendant adopted at a meeting at which one of the plaintiffs, being a director, was present. That resolution provided that the stockholders of the company should advance the sum of $2,000 to their proportionate amount of shareholdings in the company, to be invested as a loan, and become due eight years from the 1st day of May, 1903. This resolution was introduced in evidence, although there was some attempt on plaintiffs' part to question the fact of its adoption, and an entire disclaimer of any knowledge of it. At the close of the charge the defendant asked the court to

charge that, "if the jury shall find that the money was advanced
pursuant to the resolution adopted, then the verdict should be for
the defendant." This was refused, and herein we think that the
court fell into error. The resolution distinctly provided for a
credit of eight years, and, if the loan was made pursuant to that
resolution, it would necessarily follow that the plaintiff had made
a loan payable in eight years, and could not now recover. We have
examined with care the colloquial charge, and have been unable to
find therein any instruction which can fairly be said to cover the
defendant's request.

Judgment reversed, and new trial granted, with costs to the ap-
pellant to abide the event. All concur.